UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH DELAHOUSSAYE,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

Defendant.

No. 2:17-cv-2701-EFB

MEMORANDUM AND ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 9 & 15. For the reasons discussed below, plaintiff's motion for summary judgment is denied and the Commissioner's motion is granted.

I. BACKGROUND

Plaintiff filed an application for a period of disability and DIB, alleging that she had been disabled since June 4, 2013.[1] Administrative Record ("AR") at 43. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 121-124, 129-133. A hearing was held before administrative law judge ("ALJ") Curtis Renoe. *Id.* at 34-98.

---

[1] Plaintiff initially alleged disability beginning January 15, 2009. AR at 175. She subsequently amended the disability onset date to June 4, 2013. *Id.* at 43.

1

On September 7, 2016, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[2] *Id*. at 18-27. The ALJ made the following specific findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2013.

2. The claimant did not engage in substantial gainful activity during the period from her amended alleged onset date of June 4, 2013 through her date last insured of December 31, 2013 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following severe impairments: multilevel degenerative disc disease and spondylosis, most prominent at the L4-L5 and

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

L5-S1 levels, with facet degeneration and narrowing of the spinal canal at the L4-L5 level; bilateral tricompartmental osteoarthritis; and obesity (20 CFR 404.1520(c)).

\* \* \*

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except she had the following additional limitations: she was able to occasionally climb ramps or stairs but was unable to climb ladders, ropes, or scaffolds; she was able to occasionally balance, stoop, kneel, crouch, and crawl; she was unable to operate a motor vehicle as part of her job; and she was unable to be exposed to unprotected heights or moving mechanical parts.

\* \* \*

6. Through the date last insured, the claimant was capable of performing past relevant work as an administrative assistant and administrative clerk. These positions did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

\* \* \*

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 4, 2013, the amended alleged onset date, through December 31, 2013, the date last insured (20 CFR 404.1520(f)).

*Id.* at 20-26.

Plaintiff's request for Appeals Council review was denied on November 2, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3. In so doing, the Appeals Council noted that plaintiff had submitted additional medical records, including a "Medical Assessment of Physical Ability To Do Work Related Activities" authored by physician Paul Sobelman and dated October 17, 2016. *Id.* at 2. The Appeals Council determined that the additional evidence did not relate to the period at issue and thus, "[did] not affect the decision about whether you were disabled beginning on or before December 31, 2013." *Id.*

/////

/////

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff raises three arguments. First, she contends that the ALJ improperly limited review of medical records to those dating from June 4, 2013 (the amended onset date) to December 31, 2013 (the date last insured) and failed to consider the longitudinal record as a whole. Second, plaintiff argues that the ALJ erred in weighing the medical evidence by: (1) giving "great weight" to non-examining physicians whose review was not based on complete medical records; and (2) giving little weight to the opinion of plaintiff's primary care physician – Paul B. Sobelman. Third, that the additional evidence supplied to the Appeals Council does relate to the relevant period and supports a finding of disability. The court, for the reasons stated below, finds none of these arguments persuasive.

A.     Longitudinal Record

Plaintiff points to the following portion of the ALJ's decision:

> In determining the claimant's residual functional capacity and assessing the consistency of her statements, the undersigned has reviewed and considered the claimant's complete medical history consistent with 20 CFR 404.1512(d). The period at issue begins from the amended alleged onset date of June 4, 2013, through the date last insured of December 31, 2013. The undersigned finds that that the treatment notes covering the period at issue do not support the claimant's contention that she suffered from disabling functional limitations prior to the date last insured. While the subsequent treatment notes indicate that the claimant's knee and back symptoms worsened after the date last insured . . . , such records pertain to matters that are not within the relevant period.

AR at 23. Plaintiff argues that her medical records which border the relevant period (both prior and post) indicate significant limitations based on thumb pain, seizure disorder, left knee pain, lower and back pain/spasms. ECF No. 9 at 3-4. Plaintiff contends that, based on these longitudinal records, there was "no reason for the ALJ to dismiss claimant's description of her physical and nonexertional limitations as described at [AR 22-23]."

The court finds this argument unpersuasive for several reasons. First, it is clear that the ALJ *did* consider the longitudinal record as a whole. The ALJ stated that he had "reviewed and considered the claimant's *complete* medical history consistent with 20 CFR 404.1512(d)." AR at 23 (emphasis added). And the opinion itself references records outside the relevant period – "[t]he undersigned acknowledges the claimant's later complaints of persistent knee pain during clinical visits *after January 1, 2014*, but her subsequent complaints were not made during the period in question and do not evidence disabling limitations prior to the expiration of the date last insured." *Id.* at 24 (emphasis added). Second, the ALJ's decision to place greater emphasis on records falling within the relevant disability period was proper. Plaintiff's decision to amend her disability date withdrew the time period prior to June 4, 2013 from consideration, and it is undisputed that the date last insured was December 31, 2013. *See* 20 C.F.R. § 404.131(a) ("To establish a period of disability, [the claimant] must have disability insured status in the quarter in which [the claimant became] disabled or in a later quarter in which [the claimant is] disabled.").

/////

Third and finally, plaintiff cites numerous medical records establishing her medical issues outside the relevant period (*see* ECF No. 9 at 3-4), but offers no cogent legal analysis explaining why those records warrant rejection of the ALJ's findings. Critically, plaintiff makes no attempt to engage with the medical evidence which the ALJ relied upon in finding her not disabled, including the medical opinions of two state agency consultants who opined that she could perform work at the light exertional range. AR at 99-120. At best, the records she relies upon in her motion raise an alternate, rational interpretation of the medical evidence. But it is the ALJ's prerogative, not this court's, to resolve ambiguities in the record. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) ("If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ."); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

B.  Weight Assigned to Physician Findings

Plaintiff argues that the ALJ erred in relying upon non-examining state agency medical consultants and in giving little weight to the conclusions of her treating physician. These arguments are without merit.

With respect to the state agency physicians, plaintiff argues only that: (1) the state agency physicians never examined her; and (2) that "[t]he ALJ's analysis is boilerplate at best, and provides no rational basis to find the consultative evaluators who did not even see the claimant should be afforded great weight." ECF No. 9 at 5. It is well-settled that an ALJ may rely upon the properly supported opinion of a non-examining physician. *See*, *e.g.*, *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."). And plaintiff's contention that the ALJ's analysis is "boilerplate" is so vague that the court cannot meaningfully analyze it. Absent some attempt to point to specific deficiencies, this argument cannot be credited. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issue waived where claimant "failed to argue [the] issue with any specificity in his briefing").

6

1    The ALJ was similarly justified in assigning little weight to the conclusions of plaintiff's
treating physician, Dr. Paul Sobelman.  The restrictions by Dr. Sobelman were, as the ALJ noted,
made in relation to a California Department of Motor Vehicles handicap placard.  It is axiomatic
that a finding of entitlement to a handicap placard is not equivalent to a finding of disability for
the purposes of the Social Security Act.  *See*, *e.g.*, *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th
Cir. 1992) ("The ALJ need not accept an opinion of a physician -- even a treating physician -- if it
is conclusionary and brief and is unsupported by clinical findings.").  It may be that the former
can, in some cases, inform the latter, but it is the ALJ's prerogative to weigh evidence and his
decision in this case to assign it little weight was reasonable.  *See Thomas*, 278 F.3d at 954.

C.    Evidence Submitted to the Appeals Council

Plaintiff's final argument is that the Commissioner should have found her disabled based
on evidence generated in 2016 and submitted for the first time to the Appeals Council.   In
*Brewes v. Comm'r of Soc. Sec. Admin.*, the U.S. Court of Appeals for the Ninth Circuit held that
"when the Appeals Council considers new evidence in deciding whether to review a decision of
the ALJ, that evidence becomes part of the administrative record, which the district court must
consider when reviewing the Commissioner's final decision for substantial evidence." 682 F.3d
1157, 1163 (9th Cir. 2012).  The most pertinent piece of evidence submitted to the Appeals
Council was a questionnaire completed by the aforementioned Dr. Sobelman which purported to
assess plaintiff's physical ability to do work related activities from "June 4, 2013 to [the]
Present."  AR at 626 (Supplemental Lodging at ECF No. 14-3 at 2).  For the reasons stated
hereafter, the court finds that, having considered this new evidence, the ALJ's finding of non-
disability remains supported by substantial evidence.

Turning first to Dr. Sobelman's questionnaire, the court concludes – as the Appeals
Council did before it – that it does not relate to the relevant time period ending on December 31,
2013.  The questionnaire was completed on October 17, 2016 (AR at 628) and is written entirely
in the present tense.  *Id.* at 626-628.  The only indication that the questionnaire was intended to
address the relevant disability period is a small notation in the upper right-hand corner of the first
page which states "For the Period of June 4, 2013 to Present."  *Id.* at 626.  This notation is typed

7

rather than written in Dr. Sobelman's handwriting. And, given that Dr. Sobelman's findings are all issued in the present-tense, they can only be considered germane to the disability period if plaintiff's condition remained exactly stable from June 4, 2013 to October 17, 2016. Plaintiff's own testimony indicates that such stability was unlikely. At the hearing before the ALJ in July of 2016, plaintiff testified, in relation to pain in her knees:

> Q    And do you get up during the night?
>
> A    I do, well to go to the bathroom.
>
> Q    Okay.
>
> A    Sometimes if the pain is too bad, I get up and I will re-ice [my knees].
>
> Q    Okay.
>
> A    Or I'll walk to the kitchen.
>
> Q    All Right.
>
> A    And then walk back to bed.
>
> Q    Was that true in 2013?
>
> A    Yes.
>
> Q    Has it gotten better or worse since then?
>
> A    It's worse.
>
> Q    Okay. How much worse? Were you sleeping better back then?
>
> A    It's – no, it's – I was – I'd say I was probably tossing maybe four to six times. Now it's probably double.

AR at 53-54. The court agrees with the Commissioner that, to the extent Dr. Sobelman intended for this questionnaire to account for plaintiff's capacity to work over a three-year period, it behooved him to explain how her condition had changed over that period of time. If her condition had remained constant, he ought to have made explicit note of it. Absent such notation, a reviewer is left to guess as to whether Dr. Sobelman actually intended to graft his questionnaire answers to the entire relevant period or, as seems more likely, he was merely assessing plaintiff's current (in October of 2016) work capacity.

8

The other medical records submitted to the Appeals Council definitively fall well outside the disability period and, having reviewed them, the court cannot conclude that they meaningfully undercut the ALJ's determination. *See*, *e.g.*, *Johnson v. Berryhill*, 708 F. App'x 345, 346 (9th Cir. 2017) (substantial evidence supported ALJ's determination where new evidence presented to Appeals Council "postdates the ALJ's decision and is not relevant because it does not relate to the period on or before the ALJ's decision.") (citation and internal quotation marks omitted) (unpublished decision); *Quesada v. Colvin*, 525 F. App'x 627, 630 (9th Cir. 2013) (evidence submitted to Appeals Council "would not have changed the outcome in the case because it post-dated the ALJ's decision and therefore was not relevant."). In her brief, plaintiff cites various 2016 medical records that indicate that her arthritic condition is poor. ECF No. 9 at 6. She goes on to claim that these 2016 records "all support that claimant has long standing arthritic conditions that have limited her ability to perform work activities in a meaningful fashion for years." *Id.* at 6-7. Plaintiff makes no attempt to explain how she arrives at this conclusion, however. The fact that 2016 records indicate a certain level of arthritic severity does not compel a conclusion that plaintiff had the same levels of severity at the end of 2013.

IV. <u>CONCLUSION</u>

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 9) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is GRANTED; and

3. The Clerk is directed to enter judgment in the Commissioner's favor and close the case.

DATED: March 5, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9