UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH DELAHOUSSAYE, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | No. 2:17-cv-02701-EFB <br><br><br> MEMORDANDUM AND ORDER |

Plaintiff filed this action in December 2017, seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. ECF No. 1. This court previously denied plaintiff's motion for summary judgment, granted the Commissioner's cross-motion for summary judgment, and entered judgment accordingly. ECF Nos. 18, 19. Plaintiff now moves to alter that judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and/or seeks relief from judgment pursuant to Rule 60(b). ECF No. 20. For the reasons that follow, the motions are denied.

I. BACKGROUND

Plaintiff's motion argues that the court's Memorandum and Order ruling in favor of the Commissioner failed to consider arguments contained in plaintiff's Opposition and Reply briefs before entering the final judgment. ECF No. 20 at 2. Plaintiff takes issue with two of the court's

findings. First, she disputes that her briefing failed to offer "cogent legal analysis explaining why [records outside the disability period] warrant rejection of the ALJ's findings." ECF No. 18 at 6. Second, she disputes the court's finding that she had failed to offer sufficient argument to support her contention that the ALJ's analysis giving great weight to the non-treating physicians was "boilerplate." *Id.* She claims that both of these arguments were more adequately supported in her opposition.

The Commissioner has filed an opposition which argues that nothing in plaintiff's opposition warrants disturbing the court's judgment. ECF No. 22.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The United States Court of Appeals for the Ninth Circuit has identified four grounds for providing relief under Rule 59(e): (1) to correct manifest errors of law or fact upon which the judgment is based, (2) to present newly discovered or previously unavailable evidence, (3) to apply an intervening change in the law, and (4) to prevent manifest injustice. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (per curiam and en banc). A district court has considerable discretion in ruling on a motion brought pursuant to Rule 59(e). *Id.* "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). When seeking reconsideration, a party is not permitted to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Pursuant to Rule 60(b) a court may relieve a party from a final judgment or order if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Local Rule 230(j) provides that a motion for reconsideration must set forth the facts and circumstances surrounding the motion, including

2

"what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

III. ANALYSIS

The thrust of plaintiff's motion for reconsideration seems to be that arguments she asserted in her combined opposition/reply brief were overlooked by the court. She initially filed a "Motion for Judgment on The Pleadings And/or Voluntary Remand" which was supported by a 7 page brief with little substantive analysis of the record. ECF No. 9. In seeking reconsideration, she explains that "[p]rior cases handled by [her] council [sic] have included scheduling orders that allowed for a direct request to defendant for voluntary remand."[1] ECF No. 20 at 1-2. This explanation is apparently offered as an explanation for the sparse analysis in her opening brief. She states that similar requests her attorney submitted in prior cases were limited to 7 pages. Plaintiff explains that when the Commissioner did not agree to a voluntary remand, and instead filed a cross-motion for summary judgment, her counsel then filed a combined brief which served as her opposition to the Commissioner's motion and her reply brief in support of her initial motion. To the extent plaintiff argues that her counsel's confusion regarding scheduling order warrants revisiting final judgment, the court rejects it. The court fully considered all arguments asserted by plaintiff, including those elaborated upon in her opposition to the Commissioner's motion for summary judgment. ECF No. 17.

As an initial matter, the explanation for plaintiff's counsel's confusion does not excuse the procedural flaws in plaintiff's briefing. It is well-settled that a court is not obligated to consider arguments raised for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *see also Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal quotations and citations omitted). ("Our circuit has repeatedly admonished that we cannot manufacture arguments for an appellant and therefore we will not consider any claims that

---

[1] As the Commissioner points out, this appears to be a reference to scheduling orders issued in the Fresno division of this district. Notwithstanding plaintiff's counsel's experiences in other cases, the briefing schedule entered in this case was adequately and explicitly set out in the court's December 28, 2017 order. ECF No. 4.

3

were not actually argued in appellant's opening brief. Rather, we review only issues which are argued specifically and distinctly in a party's opening brief."). Plaintiff did not technically *raise* new arguments in her reply, but her motion to alter judgment appears to implicitly acknowledge that her opening brief in support of her motion for summary judgment did little more than "bookmark" them for future discussion. ECF No. 20 at 2. The right to file an opposition or reply brief is not an invitation to disperse a party's primary arguments across more than one filing. Allowing division of arguments is unfair to the Commissioner who, not being entitled to a reply or surreply in these proceedings, was deprived of an opportunity to respond to the more detailed arguments in plaintiff's opposition/reply brief. This alone would be sufficient reason to reject plaintiff's motion.

In any event, the more expanded arguments presented in plaintiff's combined opposition and reply brief (ECF No. 17) do not warrant reconsideration of the court's judgment. With regard to records outside the relevant period, the court noted that plaintiff's failure to offer sufficient analysis of the medical record was only one reason to reject her argument. As the court stated in its memorandum and order, there was evidence that the ALJ considered the entirety of the longitudinal record. ECF No. 18 at 5. Moreover, the ALJ's emphasis of records that fell within the period of disability was legally proper. *Id.* And, at best, the medical evidence marshaled and discussed in plaintiff's opposition brief merely points to an alternative, rational view of the medical evidence. It does not establish that the ALJ's own interpretation was irrational. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

With respect to plaintiff's contentions regarding the ALJ's improper reliance on non-treating physicians, the court finds that the arguments contained in the opposition provide no reason to revisit the judgment. In its memorandum, the court found that plaintiff had failed to offer evidentiary support for her argument that the ALJ's analysis affording the non-treating physicians great weight was "boilerplate." In that same section of the memorandum, the court also noted that plaintiff's own physician had submitted nothing beyond a series of restrictions

issued in support of a Department of Motor Vehicles handicap placard. ECF No. 18 at 7. The Ninth Circuit has held that "the reports of consultative physicians called in by the Secretary may serve as substantial evidence." *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989); *see also Ruiz v. Colvin*, 638 F. App'x 604, 606 (9th Cir. 2016) (finding that the ALJ did not err in giving the greatest weight to non-examining state agency medical consultants because "the ALJ found their opinions consistent with the greater medical record, progress and treating notes, and [the plaintiff]'s description of her daily activities"). That reliance is even more appropriate where, as here, the ALJ had no valid opinion from a treating physician. *See, e.g., Ortiz v. Astrue*, 2009 U.S. Dist. LEXIS 48461, 2009 WL 1516320, at *8 (E.D. Cal. May 29, 2009) (finding that ALJ did not err in weighing the medical evidence when no treating physician indicated any specific functional limitations and no treating physician's opinion contradicted the opinions of the state agency medical consultants).

In her opposition, plaintiff argues that the non-treating physicians failed to explicitly rely on various pieces of medical evidence which are germane to her condition. ECF No. 17 at 9-10. But this does not warrant reversal so long as the ALJ reviews the entire record and comes to a rational conclusion regarding the claimant's limitations. *See Sportsman v. Colvin*, 637 F. App'x 992, 995 (9th Cir. 2016) (unpublished) ("Sportsman also contends that the ALJ erred in citing to one treating physician's March 2007 opinion because the treating physician's opinion does not account for the period between 2008 and 2011. Further, Sportsman argues that the ALJ erred in according the assessment of state agency doctors substantial weight because they did not review evidence beyond May 2010. The ALJ, however, reviewed Sportsman's entire medical history from 2006 to 2011 and came to a rational conclusion regarding Sportsman's limitations."). The court finds that, as discussed above, the ALJ adequately reviewed the entire record and came to a rational conclusion regarding plaintiff's limitations.

/////

/////

/////

/////

IV. <u>CONCLUSION</u>

For the reasons discussed supra, plaintiff's motion to alter judgment (ECF No. 20) is DENIED.

DATED: September 19, 2019.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE